IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASAIN ROBERTO GONSALES-PEREZ, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-26-CV-049-FB |
| | § | |
| KRISTI NOEM, Secretary, U.S. Department of | § | |
| Homeland Security; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD LYONS, | § | |
| Acting Director of ICE; PAMELA BONDI, U.S. | § | |
| Attorney General; MIGUEL VERGARA, Field | § | |
| Office Director of Enforcement and Removal | § | |
| Operations, San Antonio Field Office, | § | |
| Immigration and Customs Enforcement, and | § | |
| BOBBY THOMPSON, Warden of the South | § | |
| Texas Detention Center, | § | |
| | § | |
| *Respondents*. | § | |

## ***ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS***

Before the Court are the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention (ECF No. 1); and Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) filed by Petitioner Asain Roberto Gonsales-Perez on January 7, 2026, and Petitioner's Statement in Support of Habeas Petition and Motion for a Preliminary Injunction filed on January 27, 2026 (ECF No. 6). According to CM/ECF, the Petition, Motion for Temporary Restraining Order, and this Court's Order for Service (ECF Nos. 1, 2, and No. 3) were served on the Respondents on January 12, 2026 (ECF No. 5). Therefore, Respondents' Responses were due no later January 17, 2026. To date, no Response or request for an extension of time to file a Response has been received.

**DISCUSSION**

Because the Respondents have not submitted a Response, the Court will presume that they acknowledge this Court's prior rulings, some of which were listed in the Order for Service and Further Orders of the Court entered in this case on January 7, 2026 (ECF NO. 3 at page 2), concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case as the Court continues to follow the legal reasoning in its prior decisions. After reviewing the Petition and Petitioner's Statement in Support, the provided evidence, and applicable law, the Court will grant the unopposed Petition for the same reasons stated in the prior relevant decisions identified in the Order for Service because the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.

Therefore, for reasons previously stated in other similar cases, the Court finds as follows: (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Asain Roberto Gonsales-Perez from custody, under appropriate conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **as soon as practicable, but in no event later than Tuesday, February 3, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, Dan Gividen, by email [Dan@GividenLaw.com] or by an in-person telephone conference [(801) 458-7965] (a voicemail does not comply with this order) of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. The Respondents shall **FILE** a Status Report no later than **February 4, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

6. Petitioner's request for an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.

7. Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) is DISMISSED AS MOOT.

8. Motions pending, if any, are DISMISSED AS MOOT, and the Clerk is DIRECTED to CLOSE this case. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 30th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE